UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYMOND ORRAND,** *et al.***,**

      **Plaintiffs,**

                                    **Civil Action 2:12-cv-389**
      v.                              **Judge Michael H. Watson**
                                    **Magistrate Judge Elizabeth P. Deavers**

**WALTERS EXCAVATING**, *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiffs brought this action against Defendants under the Employee Retirement Income Security Act ("ERISA") to recover unpaid fringe benefit contributions. 29 U.S.C. § 1145. On September 30, 2014, the Court entered judgment against Defendant Walters Excavating, Inc. ("WEI") and awarded Plaintiffs unpaid fringe benefit contributions, interest, and liquidated damages. (ECF No. 33.) On October 9, 2014, Plaintiffs moved the Court for an award of attorneys' fees and costs against Defendant WEI in the amount of $29,424.75. (ECF No. 35.) This matter is currently before the Undersigned to issue a Report and Recommendation on Plaintiffs' Motion for Attorneys' Fees against Defendant WEI. (ECF No. 37.) Defendant WEI has not opposed Plaintiffs' Motion. For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' Motion for Attorneys' Fees be **GRANTED**.

ERISA establishes a series of mandatory damages for unpaid contributions. *See* 29 U.S.C. § 1132(g)(2). Specifically, ERISA provides:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–

(A) the unpaid contributions

(B) interest on the unpaid contributions

(C) an amount equal to the greater of

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Thus, because judgment was entered in their favor under 29 U.S.C. § 1145, Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to Section 1132(g)(2)(D). *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995) ("As this action was brought pursuant to 29 U.S.C. § 1145, an award of reasonable attorneys' fees is mandated by 29 U.S.C. § 1132(g)(2)(D)."). While an award of attorneys' fees is mandatory under Section 1132(g)(2)(D), the amount of the award must be reasonable. 29 U.S.C. § 1132(g)(2)(D).

"The starting point for determining the amount of reasonable attorney fees is the 'lodestar amount' which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The resulting sum

may be adjusted to reflect factors such as the "results obtained." *Hensley*, 461 U.S. at 434 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 621 (6th Cir. 2007). "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010).

    Having reviewed Plaintiffs' Memorandum in Support of their Motion for Attorneys' Fees, as well as the accompanying affidavits and detailed billing entries from Plaintiffs' counsel, the Undersigned concludes that the fees sought are reasonable. A review of the docket demonstrates that the attorneys expended a reasonable number of hours prosecuting this case. Plaintiffs conducted discovery and depositions, prepared their Motion for Summary Judgment, opposed Defendants' Motion for Summary Judgment, and participated in mediation. Additionally, the hourly rates applied are reasonable for ERISA litigation in this Court and in relation to the results obtained in this action. Further, Defendant WEI does not contest the hours expended by Plaintiffs' counsel or their hourly rates. Accordingly, it is **RECCOMMENDED** that Plaintiffs' Motion for Attorneys' Fees be **GRANTED** and that Plaintiffs be **AWARDED** $29,424.75 in attorneys' fees and costs from Defendant WEI.

## **PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: May 27, 2015      /s/ *Elizabeth A. Preston Deavers*
                        Elizabeth A. Preston Deavers
                        United States Magistrate Judge